UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

JOAN LEGENO,                              :

              Plaintiff,                 :

      -against-                        :        **REPORT AND RECOMMENDATION**

THE CORCORAN GROUP,               :        06 Civ. 2897 (JSR)(KNF)

            Defendant.               :
------------------------------------------------------X

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE JED S. RAKOFF, UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

_____Plaintiff Joan Legeno ("Legeno"), proceeding pro se, brings this action against defendant

The Corcoran Group pursuant to Title VII of the Civil Rights Act of 1964, as amended,

42 U.S.C. §§ 2000e-2000e-17 ("Title VII") and the Age Discrimination in Employment Act of

1967, as amended, 29 U.S.C. §§ 621-634 ("ADEA").  Before the Court is the defendant's

motion, made pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the plaintiff's complaint, for failure

to state a claim upon which relief can be granted.  The defendant contends that the plaintiff is not

entitled to relief under the ADEA or Title VII because those statutes do not apply to independent

contractors, and the position for which Legeno made application to the defendant, real estate

salesperson, is an independent contractor's position.  The defendant also contends that Legeno's

Title VII claim, was not administratively exhausted.  Moreover, according to the defendant,

Legeno's complaint does not comply with Fed. R. Civ. P. 8(a)(2).  The plaintiff opposes the

defendant's motion.  She maintains the defendant discriminated against her, unlawfully, because it failed to hire her due to her age.

## II. BACKGROUND AND FACTS

On or about June 24, 2004, the plaintiff interviewed with the defendant for a real estate salesperson position.  Legeno alleges, in her complaint, that the defendant's on-site sales director, with whom she interviewed, made comments about the plaintiff's age, in particular, the on-site sales director stated the year the plaintiff graduated from college.  The plaintiff contends that, after the interview concluded, and after she made follow-up telephone calls to the defendant's representatives, her telephone calls were not returned and she was not offered the position she sought.  Legeno ascribes age discrimination to the defendant's failure to offer her a real estate salesperson position.

Legeno filed a complaint with the New York State Division of Human Rights ("SDHR") on August 10, 2004, charging the defendant with age discrimination.  SDHR issued a "Determination and Order After Investigation" finding that probable cause did not exist to believe that the defendant engaged in an unlawful discriminatory practice, because insufficient evidence establishing a causal connection between the failure to offer Legeno the position for which she applied, and her age, existed.  On February 9, 2006, the United States Equal Employment Opportunity Commission ("EEOC")adopted SDHR's determination and issued a notice to Legeno of her right to commence an action in a state or federal court.

Legeno commenced this action in April 2006.  Thereafter, the defendant made the instant motion.  As noted above, the defendant contends that Title VII and the ADEA do not apply in a circumstance, such as exists here, where a person seeks an independent contractor's position.

2

Therefore, according to the defendant, the plaintiff's complaint must be dismissed, pursuant to Fed. R. Civ. P. 12(b)(6), because she has not stated a claim upon which relief may be granted.  In addition, the defendant maintains that Legeno's complaint fails to satisfy the notice pleading requirement found in Fed. R. Civ. P. 8 and, consequently, the complaint should also be dismissed, on that ground.  Furthermore, inasmuch as Legeno did not allege a Title VII violation was committed by the defendant, when she lodged her complaint with SDHR, the defendant alleges that Legeno has not exhausted the administrative remedies available to her and may not prosecute her Title VII claim in this court.

### III. DISCUSSION

*Standard of Review for Motion to Dismiss*

A court may dismiss an action pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted only if  "it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts which would entitle him to relief." Jaghory v. New York State Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997) (quoting Hoover v. Ronwin, 466 U.S. 558, 587, 104 S. Ct. 1989, 2005 [1984]).  In considering the motion, the court must take "the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994).  The court may consider all papers and exhibits appended to the complaint, as well as any matters of which judicial notice may be taken.  See Hirsch v. Arthur Andersen & Co., 72 F.3d 1085, 1092 (2d Cir. 1995); Brass v. American Film Technologies, Inc., 987 F.2d 142, 150 (2d Cir. 1993).

In a case such as this, in which the plaintiff is a <u>pro se</u> litigant, the Court must be mindful that the plaintiff's pleadings "[are to be] held 'to less stringent standards than formal pleadings drafted by lawyers.'" <u>Hughes v. Rowe</u>, 449 U.S. 5, 9, 101 S. Ct. 173, 176, (1980) (quoting <u>Haines v. Kerner</u>, 404 U.S. 519, 520, 92 S. Ct. 594, 595 [1972]). "The Court has the duty to 'read the pleadings of a <u>pro se</u> plaintiff liberally and interpret them to raise the strongest arguments that they suggest.'" <u>Dibbs v. Roldan</u>, 356 F. Supp. 2d 340, 348 (S.D.N.Y. 2005) (quoting <u>McPherson v. Coombe</u>, 174 F.3d 276, 280 (2d Cir. 1999)[citations omitted]).

*Title VII Claim*

Title VII states in pertinent part: "It shall be unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. §2000e-2 (a) (1). Although the plaintiff indicated, on the pre-printed form complaint she used to initiate this action, that the action is brought pursuant to Title VII and the ADEA, the only allegation made in the complaint and the supporting documentation attached to it, is that Legeno is a victim of age discrimination.

"As a precondition to filing a Title VII claim in federal court, a plaintiff must first pursue available administrative remedies and file a timely complaint with the EEOC [or an appropriate state or municipal human rights agency]." <u>Deravin v. Kerik</u>, 335 F.3d 195, 200 (2d Cir. 2003). A claim that has not been presented to an administrative human rights agency for adjudication may be pursued in a subsequent federal court action if the claim is reasonably related to the claim(s) that was lodged with the administrative agency. That is to say that, the conduct

complained of would come within the scope of the investigation that can reasonably be expected to be undertaken with respect to the charge that was made.  See Deravin, supra, at 200-201. Here, Legeno did not complaint to SDHR of discrimination based upon race, color gender, religion or national origin, the unlawful conduct proscribed by Title VII.  Instead, she limited her SDHR claim to age discrimination.  As a consequence, the Court finds that it would be unreasonable to expect that an investigation into an allegation of age discrimination would encompass an inquiry into discrimination based on race, color, gender religion or national origin. Therefore, the Court finds further that, Legeno has not exhausted the administrative remedies available with respect to her "Title VII" claim and cannot pursue that claim in this court.

*Fed. R. Civ. P. 8*

The defendant contends that the plaintiff's failure to include factual allegations in her complaint that indicate her entitlement to relief for a Title VII violation, also demands that her complaint be dismissed, for failure to comply with Fed. R. Civ. P. 8.  The Court disagrees.  As the Supreme Court has indicated, "[i]f a pleading fails to specify allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) [of the Federal Rules of Civil Procedure]."  Swiekiewiez v. Sorema, 534 U.S. 506, 514, 122 S. Ct. 992, 998 (2002).  However, inasmuch as the plaintiff cannot pursue a Title VII claim in this action, for the reasons set forth above, her failure to comply with Fed. R. Civ. P. 8, by making factual allegations in her complaint that show she was discriminated against due to her race, color, religion, sex or national origin, is of little import.

*ADEA Claim*

The ADEA provides that "[i]t shall be unlawful for an employer – (1) to fail or refuse to

hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).  The prohibition is limited to persons who are at least forty (40) years of age.  See 29 U.S.C. § 631(a).  It is uncontested that Legeno is within the class of persons covered by the ADEA.  However, the defendant contends that, since Legeno applied for an independent contractor position, and not a position through which she would have become an employee of the defendant, the ADEA is not implicated in the instant case.

The ADEA explains that an "employee" is as "an individual employed by any employer." 29 U.S.C. § 630(f).  The ADEA's coverage does not extend to independent contractors.  See Frankel v. Bally, Inc., 987 F.2d 86, 89 (2d Cir. 1993).  Whether a person is an "employee" or an "independent contractor," within the meaning of the ADEA, is "determined in accordance with common law agency principles."  Id. at 90.  Those principles require that various factors be considered by a court that is analyzing facts to determine whether to classify a person as an employee or an independent contractor.  Among the factors to be considered are: the skills required to perform the work; the source of the instrumentalities and tools that will be used to perform the work; and the location of the work.  In addition, the duration of the relationship between the parties, whether the hiring party has the right to assign additional projects to the hired party and the extent of the hired party's discretion over when and how long to work are factors to be considered.  Furthermore, a court should consider:  the method of payment used; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; whether employee benefits are provided to the hired party; and how the hired party's earnings are reported to tax authorities.

See Cmty. for Creative Non-Violence v. Reid, 490 U.S. 730, 751-52, 109 S. Ct. 2166, 2178-79

(1989). While these factors are not exhaustive, a court should pay particular attention to "the

hiring party's right to control the manner and means by which the work is accomplished," in

determining the hired party's status. Frankel, 987 F.2d at 90.

In the record before the Court, are the terms of the "Independent Contractor Agreement,"

which governed the real estate salesperson position for which the plaintiff made application.

That document indicates, inter alia, that a real estate salesperson is: (1) responsible for paying all

federal, state, and local taxes; (2) not covered by unemployment insurance for the services he or

she performs for the defendant; and (3) free to work from home and to engage in outside

employment. The document also indicates that a real estate salesperson does not receive any

remuneration, regardless of the number of hours worked, other than a commission made on a

sale. These contractual terms persuade the Court that a real estate salesperson's position, at the

defendant Corcoran Group, is one that provides the salesperson with a great deal of independence

and discretion in deciding where and when to work. Moreover, under the defendant's contractual

terms, a salesperson would not receive employee benefits from the defendant and would be

responsible for satisfying all tax payment obligations. The status of a person entering into a

contractual agreement with the defendant under the terms noted above, would be more akin to

that of an independent contractor than that of an employee.

In the case at bar, letters the plaintiff sent to the defendant demonstrate that she applied

for a "sale/leasing position." In addition, various documents Legeno submitted to the court make

clear that, by applying for a "sale/leasing position," Legeno understood she was applying for an

independent contractor position with the defendant. For example, in a complaint Legeno made to

the New York State Department of State, Division of Licensing Services, she wrote, "I am seeking an explanation from the companies regarding their criteria for hiring as well as false advertising pertinent to employment opportunities for independent contractors (real estate agents)."  Furthermore, in a letter Legeno sent to the Compliant Review Office of the New York State Department of State, Division of Licensing Services, noting her lack of real estate experience, she stated, ["i]t appears that there is no plausible downside for real estate firms to hire new salespeople since they are treated as independent contractors with no salary and no employee benefits."  Moreover, in a writing in which Legeno made specific reference to the defendant, she reaffirmed her understanding that the position for which she applied was an independent contractor's position.  In that writing she stated, "[i]f I am willing to accept this situation, why wouldn't a prospective employer particularly since [] they are technically not an employer, since I am an independent contractor."  Nothing in the plaintiff's complaint suggests that her understanding of the status she would have had with the defendant, were she to have obtained the real estate salesperson's position she sought, was different from the understanding she expressed in the submissions she made to the court, to wit, that, as a real estate salesperson with the defendant, she would have been an independent contractor.

Legeno contends the defendant's discriminatory animus was made evident during her meeting with its on-site sales director.  According to Legeno, "[s]he did not ask for my age directly, however, she stated what was clearly indicated on my resume, in terms of my graduation date (year) and from that point could easily calculate my age."  Without more, the Court is not persuaded that a reasonable inference could be drawn that the defendant engaged in unlawful discrimination solely because its on-site sales director stated out loud the information Legeno

8

provided on a resume, including the year in which she graduated from an educational institution. In any event, having read the plaintiff's pleadings liberally, as they must be, the Court is unable to conclude that Legeno would be able to prove a set of facts that would establish that the position she sought with the defendant was other than an independent contractor position. Since the ADEA does not cover independent contractor positions, granting this branch of the defendant's motion to dismiss, because Legeno has not stated a claim upon which she may obtain relief, is warranted.

## IV. RECOMMENDATION

For the reasons set forth above, I recommend that the defendant's motion to dismiss the plaintiff's complaint, pursuant to Fed. R. Civ. P. 12(b)(6), because the plaintiff has not stated a claim upon which relief may be granted under Title VII or the ADEA, be granted.

## V. FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636 (b) (1) and Rule 72 (b) of the Federal Rules of Civil Procedure, the parties shall have (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Jed S. Rakoff, 500 Pearl Street, Room 1340, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Rakoff, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York, 10007. FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. See Thomas v. Arn, 474 U.S. 140, 470 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F. 3d 1049, 1054 (2d Cir. 1993);

Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55,

58-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York                    Respectfully submitted,
        October 16, 2006

                                    _Kevin Nathaniel Fox_

                                    KEVIN NATHANIEL FOX
                                    UNITED STATES MAGISTRATE JUDGE

Mailed copies to:

John Legeno
John A. Snyder, Esq.